**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

BEN VENTURA,

Plaintiff,

v.

FRAN VELLA-MARRONE, *et al.*,

Defendants.

Case No. 3:26-CV-00330-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Ben Ventura's ("Ventura"), application to proceed *in forma pauperis*, (ECF No. 1), and civil rights complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Ventura's *in forma pauperis* application, (ECF No. 1), be granted, and his complaint, (ECF No. 1-1), be dismissed, without prejudice, and with leave to amend.

I.     *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Ventura is unable to pay the filing fee. Accordingly, the Court recommends that the IFP application, (ECF No. 1), be granted.

## II.     SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III.    SCREENING OF COMPLAINT

In his one-page complaint, Ventura sues Defendants Fran Vella-Marrone ("Vella-Marrone"), Brian Gotlieb ("Gotlieb"), and Genine Edwards ("Edwards"). (ECF No. 1-1.) The complaint, in its entirety, states that "1. Defendants Gotlieb and Edwards frequently violated due process, with support from Fran Vella-Marrone, 2. The compensation demand is above the jurisdictional limit." (*Id.*)

Federal Rule of Civil Procedure ("FRCP") 8(a)(2) requires that a complaint contain

"a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). As presented, it is difficult for the Court to understand Ventura's claims because the complaint is vague and extremely brief. As to the allegations of frequent due process violations, Ventura does not provide any information regarding the violations. It is also unclear when or how Gotlieb and Edwards violated Ventura's due process rights, or how Vella-Marrone assisted in those violations. Thus, Ventura falls well short of the requirement to provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

Thus, the Court recommends Ventura's complaint be dismissed, without prejudice and with leave to amend, for failure to comply with the Federal Rules of Civil Procedure. If Ventura chooses to file a first amended complaint, he is advised that a first amended complaint supersedes (replaces) the complaint and, thus, the first amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Ventura should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, he must allege true facts sufficient to show that the Defendant violated his rights.

The Court notes that, if Ventura chooses to file a first amended complaint curing the deficiencies, as outlined in this order, Ventura should file the first amended complaint within 30 days from a decision on this report and recommendation. If Ventura chooses not to file a first amended complaint curing the stated deficiencies, the Court will recommend dismissal of this action for failure to state a claim.

## IV.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Ventura's application to proceed *in forma pauperis*, (ECF No. 1), be

granted, and his complaint, (ECF No. 1-1), be dismissed, without prejudice, and with leave to amend.

Ventura is advised:

1.       Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.       This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.       RECOMMENDATION

**IT IS RECOMMENDED** that Ventura's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that Ventura's complaint, (ECF No. 1-1), be **DISMISSED, WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that if Ventura chooses to file a first amended complaint curing the deficiencies of his complaint, as outlined in this order, Ventura shall file the first amended complaint within **30 days** after a decision on the report and recommendation. If Ventura chooses not to file a first amended complaint curing the stated deficiencies of the complaint, the Court will recommend that this action be dismissed for failure to state a claim.

**DATED**: May 7, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**

5