UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEN VENTURA, | Case No.: 3:26-CV-00330-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| FRAN VELLA-MARRONE, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Ben Ventura filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and a civil rights complaint (ECF No. 1-1 ("Complaint")) against Defendants Fran Vella-Marrone, Brian Gotlieb, and Genine Edwards. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 3), recommending the Court grant the IFP application (ECF No. 1) and dismiss the Complaint without prejudice and with leave to amend. (ECF No. 3 at 1, 5.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court adopts the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin first recommends the Court grant the IFP application (ECF No. 1) because Ventura is unable to make an initial installment payment towards the full filing fee under 28 U.S.C. § 1915. (ECF No. 3 at 2.) Judge Baldwin then screens Ventura's Complaint. (*Id.* at 3-4.) The one-page Complaint states the following:

"1. Defendants Gotlieb and Edwards frequently violated due process, with support from Fran Vella-Marrone, 2. The compensation demand is above the jurisdictional limit."

(ECF No. 1-1.)

Judge Baldwin recommends dismissal of the Complaint (ECF No. 1-1) without prejudice and with leave to amend because it is "vague," "extremely brief," and fails to satisfy Federal Rule of Civil Procedure 8(a)'s requirement of a "short and plain statement" showing entitlement to relief.[1] (ECF No. 3 at 3-4.) In particular, the Complaint leaves the Court guessing as to when and how Gotlieb and Edwards violated Ventura's due process rights, as well as how Vella-Marrone assisted in the alleged violations. (*Id.* at 4.) The Magistrate Judge recommends granting leave to amend the Complaint and directs Ventura to allege facts sufficient to show how each named Defendant violated his rights. (*Id.*) The Court agrees.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is adopted in full.

It is further ordered that Ventura's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further othered that the Clerk of Court file the Complaint (ECF No. 1-1).

It is further ordered that Ventura's Complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend.

///

///

///

///

///

///

---

[1]A complaint must provide "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 12(b)(6), 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court evaluates whether the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

It is further ordered that, if Ventura chooses to file an amended complaint curing the deficiencies of his original complaint, as outlined in this Order, Ventura must file the amended complaint within 30 days from the date of entry of this Order.

It is further ordered that, if Ventura chooses not to file an amended complaint curing the stated deficiencies of the Complaint, the Court will dismiss this action without prejudice for failure to state a claim.

DATED THIS 20th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3